Filing # 63571185 E-Filed 10/31/2017 04:39:51 PM

IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA
CIVIL DIVISION

SHERLYN MURRELL,

    Plaintiff,

v.                                                 CASE NO.:

CORIZON, INC., CENTURION OF
FLORIDA, LLC, WARDEN KIM
SOUTHERLAND, NURSE MARY SPRY,
PHYSICAL THERAPY ASSISTANT CONNIE
SPITZER, NURSE JANE DOE, AND
DR. JOHN DOE,

    Defendants.

_____/

## COMPLAINT

**COMES NOW** the Plaintiff, Sherlyn Murrell, ("Plaintiff"), and, by and through the undersigned counsel, files this Complaint against Defendants, and in support thereof alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff Sherlyn Murrell is an individual resident of Panama City, Bay County, Florida, and is otherwise *sui juris*.

2. Kim (Chris) Southerland was the Warden of the Florida Women's Reception Center at the time of Plaintiff's incarceration. Southerland may be served with process at 3700 NW 11th Place, Ocala, Florida, 34482. Southerland is sued in her individual capacity.

3. Corizon, Inc. ("Corizon") is a Tennessee corporation registered and doing business in the State of Florida, as an agent of the Florida Department of Corrections. Corizon may be served with process through its resident agent CT Corporation System at its registered office of 1200 S. Pine

Island Road, Plantation, FL 33324. Until February 2016, Corizon was responsible for providing comprehensive and medically necessary medical, dental, mental health and pharmaceutical services to all inmates of the Florida Women's Reception Center, under contract with the Florida Department of Corrections, and operated under the color of state law in doing so.

4. Centurion of Florida, LLC. ("Centurion") is a Missouri limited liability corporation registered and doing business in the State of Florida, as an agent of the Florida Department of Corrections. Centurion may be served with process through its resident agent CT Corporation System at its registered office of 1200 S. Pine Island Road, Plantation, FL 33324. From February 2016 to present, Centurion was and is responsible for providing comprehensive and medically necessary medical, dental, mental health and pharmaceutical services to all inmates of the Florida Women's Reception Center, under contract with the Florida Department of Corrections, and operates under the color of state law in doing so.

5. Nurse Mary Spry is medical nurse at the Florida Women's Reception Center during the time of Plaintiff's incarceration. Spry may be served with process at 3700 NW 11th Place, Ocala, Florida, 34482. Spry is sued in her individual capacity.

6. Physical Therapy Assistant Connie Spritzer is a physical therapy assistant at the Florida Women's Reception Center during the time of Plaintiff's incarceration. Spitzer may be served with process at 3700 NW 11th Place, Ocala, Florida, 34482. Spitzer is sued in her individual capacity.

7. Nurse Doe and Doctor Doe were physicians who cared for Plaintiff during the time of her incarceration. Upon information and belief, they may be served with process at 3700 NW 11th Place, Ocala, Florida, 34482.

8. This is an action for damages which exceed fifteen thousand ($15,000.00) dollars, exclusive of interest, costs, and attorney's fees.

9. This Court has jurisdiction over the federal claims raised in this Complaint pursuant to Article V, Section 5(b) of the Florida Constitution.

10. Venue is proper in this Court because the incident which is the subject of this Complaint occurred at the Florida Women's Reception Center located in Marion County, Florida.

11. All conditions precedent to this action have been performed or waived.

## FACTS COMMON TO ALL COUNTS

12. From May 21, 2015 through December 14, 2016, Plaintiff was incarcerated at the Florida Women's Reception Center.

13. The Florida Women's Reception Center, located at 3700 NW 11th Place in Ocala, Florida, 34482, used to be known as the Lowell Correctional Institution until August of 2013.

14. In September 2015, Plaintiff complained of pain in her left shoulder.

15. Plaintiff was referred to Dr. Maxwell Steel, III, at the Memorial Hospital in Jacksonville, Florida, for an orthopedic evaluation.

16. Dr. Steel determined that Plaintiff had left shoulder humeral head avascular necrosis and secondary arthritis, as well as a rotator cuff tear.

17. Dr. Steel ordered Plaintiff to undergo a left shoulder total arthroplasty with biceps tenodesis procedure as well as a rotator cuff repair.,

18. The shoulder arthroplasty surgery was performed at Memorial Hospital on September 14, 2015.

19. After the surgery, Dr. Steel noted that the Plaintiff tolerated the procedure well and that there were no complications with the surgery.

20. On September 15, 2015, Dr. Steel discharged the Plaintiff to the medical staff of the Florida Women's Reception Center. Dr. Steel noted that the Plaintiff should follow up with the Orthopedic Clinic at Lake Butler in two weeks for her post-operative appointment.

21. On November 30, 2015, Dr. Doe at Lowell Correctional Institution ordered the Plaintiff to undergo physical therapy two times a week for eight weeks, following the total shoulder arthroplasty that was performed on September 14, 2015.

22. Physical Therapy director John Palmer noted that the need for physical therapy was "urgent" because Plaintiff had dramatically reduced range of motion in her left shoulder.

23. On January 01, 2016, Plaintiff requested that she be sent for a physical therapy session. Registered Nurse Doe denied this request.

24. On March 27, 2016, Plaintiff complained of a sharp pain in her shoulder that manifested itself when plaintiff performed her shoulder exercises.

25. On April 06, 2014, Dr. Doe gave Plaintiff additional exercises to do on her own.

26. On May 13, 2016, Registered Nurse Mary A. Spry noted that Plaintiff was unable to perform Plaintiff's shoulder exercises on her own because of increased pain in her shoulder.

27. On June 17, 2016, Plaintiff complained that she had yet to have a single physical therapy session. Plaintiff is finally ordered to return to the Reception Medical Center for a physical therapy session consisting of two visits a week for 8 weeks.

28. On July 25, 2016, Physical Therapy Assistant Connie Spitzer noted that Plaintiff had difficulty performing the physical therapy plan because of reduced range of motion in Plaintiff's shoulder and pain localized in that shoulder.

29. On September 28, 2016, PTS Spitzer noted that Plaintiff concluded her ordered physical therapy plan and would benefit from increased attention from an orthopedic physician.

30. On December 14, 2016, Plaintiff was released from Florida Women's Reception Center.

31. On February 10, 2017, Plaintiff visited Dr. Michael McCormick for an evaluation of her left shoulder. Dr. McCormick concluded that Plaintiff suffered freom severe end stage left rotator cuff arthroplasty with pseudoparalysis. Dr. McCormick recommended Plaintiff undergo reverse total shoulder arthroplasty to correct the damage done to her shoulder resulting from her lack of physical therapy immediately after the surgery on September 14, 2015.

## COUNT I – DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED
*Against Defendant, Corizon, Inc.*

32. The Facts Common to All Counts, above, are incorporated by reference herein.

33. Plaintiff has a constitutional right to relief against Corizon, Inc. under Plaintiff's 8th Amendment right to Treatment for a Known Serious Medical Condition, incorporated to the fifty states through the 14th Amendment. This constitutional right was clearly established at the time of Plaintiff's incarceration.

34. Corizon, Inc. contracted with Florida Department of Corrections to provide for healthcare for inmates of the Florida Women's Reception Center.

35. Corizon, Inc. and its employees perform functions traditionally within the exclusive prerogative of the Florida Department of Corrections.

36. Under the 8th Amendment to the United States Constitution, incorporated to the States by the 14th Amendment to the United States Constitution, Plaintiff had a constitutional right to be free from cruel and unusual punishment during the period of her incarceration and detention. This constitutional right was clearly established at the time of Plaintiff's incarceration.

37. During her incarceration, Plaintiff had a serious medical need for proper treatment for her shoulder following total shoulder arthroplasty surgery. This treatment included a need to be given

regular and carefully regulated physical therapy treatments, the administration of which was put in the charge of Corizon, Inc. personnel.

38. Plaintiff's serious medical need for physical therapy had been diagnosed by a physician as requiring treatment and/or was so obvious that even a lay person would easily recognize the necessity for prompt and regular medical attention.

39. Defendant Corizon, Inc. was aware of Plaintiff's serious medical need and acted with deliberate indifference to that need in failing to administer reasonable physical therapy.

40. Corizon, Inc. acted "under color" of state law as set forth herein.

41. Corizon, Inc.'s acts were the proximate and/or legal cause of damages sustained by the Plaintiff.

42. Plaintiff suffered constitutional injury, personal injury, mental anguish, and hardship by virtue of Corizon, Inc.'s actions, practices and policies in this regard.

WHEREFORE, the Plaintiff requests judgment against Defendant Corizon, Inc. for all damages allowed by law, including punitive damages, attorneys' fees, costs, and such other and further relief as the Court deems just and equitable.

### COUNT II – DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED
*Against Defendant, Centurion of Florida, LLC*

43. The Facts Common to All Counts, above, are incorporated by reference herein.

44. Plaintiff has a constitutional right to relief against Centurion of Florida, LLC under Plaintiff's 8th Amendment right to Treatment for a Known Serious Medical Condition, incorporated to the fifty states through the 14th Amendment. This constitutional right was clearly established at the time of Plaintiff's incarceration.

45. Centurion of Florida, LLC contracted with Florida Department of Corrections to provide for healthcare for inmates of the Florida Women's Reception Center.

46. Centurion of Florida, LLC and its employees perform functions traditionally within the exclusive prerogative of the Florida Department of Corrections.

47. Under the 8th Amendment to the United States Constitution, incorporated to the States by the 14th Amendment to the United States Constitution, Plaintiff had a constitutional right to be free from cruel and unusual punishment during the period of her incarceration and detention. This constitutional right was clearly established at the time of Plaintiff's incarceration.

48. During her incarceration, Plaintiff had a serious medical need for proper treatment for her shoulder following total shoulder arthroplasty surgery. This treatment included a need to be given regular and carefully regulated physical therapy treatments, the administration of which was put in the charge of Centurion of Florida, LLC personnel.

49. Plaintiff's serious medical need for physical therapy had been diagnosed by a physician as requiring treatment and/or was so obvious that even a lay person would easily recognize the necessity for prompt and regular medical attention.

50. Defendant Centurion of Florida, LLC was aware of Plaintiff's serious medical need and acted with deliberate indifference to that need in failing to administer reasonable physical therapy.

51. Centurion of Florida, LLC acted "under color" of state law as set forth herein.

52. Centurion of Florida, LLC's acts were the proximate and/or legal cause of damages sustained by the Plaintiff.

53. Plaintiff suffered constitutional injury, personal injury, mental anguish, and hardship by virtue of Centurion of Florida, LLC's actions, practices and policies in this regard.

WHEREFORE, the Plaintiff requests judgment against Defendant Centurion of Florida, LLC for all damages allowed by law, including punitive damages, attorneys' fees, costs, and such other and further relief as the Court deems just and equitable.

### COUNT III – VIOLATION OF 8TH AMENDMENT
*Against Defendant, Warden Kim Southerland*

54. The Facts Common to All Counts, above, are incorporated by reference herein.

55. Plaintiff has a constitutional right to relief against Warden Southerland under Decedent's Eighth Amendment right to be free from cruel and unusual punishment and her First Amendment right to speak and redress grievances. These constitutional rights were clearly established at the time of Decedent's incarceration.

56. During her incarceration, Plaintiff suffered a serious deprivation of the minimal civilized measures of life's necessities by being refused proper treatment for her shoulder following the total shoulder arthroplasty that took place on September 14, 2015.

57. In the course of reviewing grievance appeals, Warden Southerland became aware of her staff's failure to render needed medical treatment.

58. While at Florida Women's Reception Center, Warden Southerland was made aware of other incidents of deliberate indifference to serious medical needs of other inmates.

59. Southerland acted "under color" of state law as set forth herein.

60. Southerland's acts and omissions were the proximate and/or legal cause of damages sustained by the Plaintiff.

61. Plaintiff suffered constitutional injury, personal injury, mental anguish, and hardship by virtue of Southerland's actions, practices and policies in this regard.

WHEREFORE, the Plaintiff requests judgment against Defendant Southerland for all damages allowed by law, including punitive damages, attorneys' fees, costs, and such other and further relief as the Court deems just and equitable.

### COUNT IV – DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED
*Against Defendant, Nurse Mary Spry*

62. The Facts Common to All Counts, above, are incorporated by reference herein.

63. Plaintiff has a constitutional right to relief against Nurse Mary Spry under Plaintiff's 8th Amendment right to Treatment for a Known Serious Medical Condition, incorporated to the fifty states through the 14th Amendment. This constitutional right was clearly established at the time of Plaintiff's incarceration.

64. Nurse Mary Spry worked for the Florida Department of Corrections to provide for healthcare for inmates of the Florida Women's Reception Center.

65. Nurse Mary Spry, as an employee of the Florida Department of Corrections, performs functions traditionally within the exclusive prerogative of the Florida Department of Corrections.

66. Under the 8th Amendment to the United States Constitution, incorporated to the States by the 14th Amendment to the United States Constitution, Plaintiff had a constitutional right to be free from cruel and unusual punishment during the period of her incarceration and detention. This constitutional right was clearly established at the time of Plaintiff's incarceration.

67. During her incarceration, Plaintiff had a serious medical need for proper treatment for her shoulder following total shoulder arthroplasty surgery. This treatment included a need to be given regular and carefully regulated physical therapy treatments, the administration of which was put in the charge of Nurses and other Physicians, including Nurse Mary Spry.

68. Plaintiff's serious medical need for physical therapy had been diagnosed by a physician as requiring treatment and/or was so obvious that even a lay person would easily recognize the necessity for prompt and regular medical attention.

69. Nurse Mary Spry was aware of Plaintiff's serious medical need and acted with deliberate indifference to that need in failing to administer reasonable physical therapy.

70. Nurse Mary Spry acted "under color" of state law as set forth herein.

71. Nurse Mary Spry's acts were the proximate and/or legal cause of damages sustained by the Plaintiff.

72. Plaintiff suffered constitutional injury, personal injury, mental anguish, and hardship by virtue of Nurse Mary Spry's actions, practices and policies in this regard.

WHEREFORE, the Plaintiff requests judgment against Defendant Nurse Mary Spry for all damages allowed by law, including punitive damages, attorneys' fees, costs, and such other and further relief as the Court deems just and equitable.

### COUNT V – DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED
*Against Defendant, Physical Therapy Assistant Connie Spitzer*

73. The Facts Common to All Counts, above, are incorporated by reference herein.

74. Plaintiff has a constitutional right to relief against Physical Therapy Assistant Connie Spitzer under Plaintiff's 8th Amendment right to Treatment for a Known Serious Medical Condition, incorporated to the fifty states through the 14th Amendment. This constitutional right was clearly established at the time of Plaintiff's incarceration.

75. Physical Therapy Assistant Connie Spitzer worked for the Florida Department of Corrections to provide for healthcare for inmates of the Florida Women's Reception Center.

76. Physical Therapy Assistant Connie Spitzer, as an employee of the Florida Department of Corrections, performs functions traditionally within the exclusive prerogative of the Florida Department of Corrections.

77. Under the 8th Amendment to the United States Constitution, incorporated to the States by the 14th Amendment to the United States Constitution, Plaintiff had a constitutional right to be free from cruel and unusual punishment during the period of her incarceration and detention. This constitutional right was clearly established at the time of Plaintiff's incarceration.

78. During her incarceration, Plaintiff had a serious medical need for proper treatment for her shoulder following total shoulder arthroplasty surgery. This treatment included a need to be given regular and carefully regulated physical therapy treatments, the administration of which was put in the charge of Nurses and other Physicians, including Physical Therapy Assistant Connie Spitzer.

79. Plaintiff's serious medical need for physical therapy had been diagnosed by a physician as requiring treatment and/or was so obvious that even a lay person would easily recognize the necessity for prompt and regular medical attention.

80. Physical Therapy Assistant Connie Spitzer was aware of Plaintiff's serious medical need and acted with deliberate indifference to that need in failing to administer reasonable physical therapy.

81. Physical Therapy Assistant Connie Spitzer acted "under color" of state law as set forth herein.

82. Physical Therapy Assistant Connie Spitzer's acts were the proximate and/or legal cause of damages sustained by the Plaintiff.

83. Plaintiff suffered constitutional injury, personal injury, mental anguish, and hardship by virtue of Physical Therapy Assistant Connie Spitzer's actions, practices and policies in this regard.

WHEREFORE, the Plaintiff requests judgment against Defendant Physical Therapy Assistant Connie Spitzer for all damages allowed by law, including punitive damages, attorneys' fees, costs, and such other and further relief as the Court deems just and equitable.

### COUNT VI – DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED
*Against Defendant, Nurse Jane Doe*

84. The Facts Common to All Counts, above, are incorporated by reference herein.

85. Plaintiff has a constitutional right to relief against Nurse Jane Doe under Plaintiff's 8th Amendment right to Treatment for a Known Serious Medical Condition, incorporated to the fifty states through the 14th Amendment. This constitutional right was clearly established at the time of Plaintiff's incarceration.

86. Nurse Jane Doe worked for the Florida Department of Corrections to provide for healthcare for inmates of the Florida Women's Reception Center.

87. Nurse Jane Doe, as an employee of the Florida Department of Corrections, performs functions traditionally within the exclusive prerogative of the Florida Department of Corrections.

88. Under the 8th Amendment to the United States Constitution, incorporated to the States by the 14th Amendment to the United States Constitution, Plaintiff had a constitutional right to be free from cruel and unusual punishment during the period of her incarceration and detention. This constitutional right was clearly established at the time of Plaintiff's incarceration.

89. During her incarceration, Plaintiff had a serious medical need for proper treatment for her shoulder following total shoulder arthroplasty surgery. This treatment included a need to be given regular and carefully regulated physical therapy treatments, the administration of which was put in the charge of Nurses and other Physicians, including Nurse Jane Doe.

90. Plaintiff's serious medical need for physical therapy had been diagnosed by a physician as requiring treatment and/or was so obvious that even a lay person would easily recognize the necessity for prompt and regular medical attention.

91. Nurse Jane Doe was aware of Plaintiff's serious medical need and acted with deliberate indifference to that need in failing to administer reasonable physical therapy.

92. Nurse Jane Doe acted "under color" of state law as set forth herein.

93. Nurse Jane Doe's acts were the proximate and/or legal cause of damages sustained by the Plaintiff.

94. Plaintiff suffered constitutional injury, personal injury, mental anguish, and hardship by virtue of Nurse Jane Doe's actions, practices and policies in this regard.

WHEREFORE, the Plaintiff requests judgment against Defendant Nurse Jane Doe for all damages allowed by law, including punitive damages, attorneys' fees, costs, and such other and further relief as the Court deems just and equitable.

### COUNT VII – DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED
*Against Defendant, Doctor John Doe*

95. The Facts Common to All Counts, above, are incorporated by reference herein.

96. Plaintiff has a constitutional right to relief against Doctor John Doe under Plaintiff's 8th Amendment right to Treatment for a Known Serious Medical Condition, incorporated to the fifty states through the 14th Amendment. This constitutional right was clearly established at the time of Plaintiff's incarceration.

97. Doctor John Doe worked for the Florida Department of Corrections to provide for healthcare for inmates of the Florida Women's Reception Center.

98. Doctor John Doe, as an employee of the Florida Department of Corrections, performs functions traditionally within the exclusive prerogative of the Florida Department of Corrections.

99. Under the 8th Amendment to the United States Constitution, incorporated to the States by the 14th Amendment to the United States Constitution, Plaintiff had a constitutional right to be free from cruel and unusual punishment during the period of her incarceration and detention. This constitutional right was clearly established at the time of Plaintiff's incarceration.

100. During her incarceration, Plaintiff had a serious medical need for proper treatment for her shoulder following total shoulder arthroplasty surgery. This treatment included a need to be given regular and carefully regulated physical therapy treatments, the administration of which was put in the charge of Nurses and other Physicians, including Doctor John Doe.

101. Plaintiff's serious medical need for physical therapy had been diagnosed by a physician as requiring treatment and/or was so obvious that even a lay person would easily recognize the necessity for prompt and regular medical attention.

102. Doctor John Doe was aware of Plaintiff's serious medical need and acted with deliberate indifference to that need in failing to administer reasonable physical therapy.

103. Doctor John Doe acted "under color" of state law as set forth herein.

104. Doctor John Doe's acts were the proximate and/or legal cause of damages sustained by the Plaintiff.

105. Plaintiff suffered constitutional injury, personal injury, mental anguish, and hardship by virtue of Doctor John Doe's actions, practices and policies in this regard.

WHEREFORE, the Plaintiff requests judgment against Defendant Doctor John Doe for all damages allowed by law, including punitive damages, attorneys' fees, costs, and such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues in this matter.

DATED: October 31, 2017

                                              Respectfully submitted,

                                              */s/ Paul W. Rebein, Esq.*
                                              **PAUL W. REBEIN, ESQUIRE**
                                              Florida Bar No.: 0488003
                                              **Rebein Brothers, P.A.**
                                              100 Ashley Drive South, Suite 610
                                              Tampa, FL 33602
                                              Tel. (813) 305-7285
                                              Fax. (813) 402-0288
                                              Service-rebein@rbr3.com
                                              *Attorney for Plaintiff*